IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV16-1-MU

| | |
|---|---|
| DANNY L. BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed February 28, 2008, and Petitioner's Motion for Voluntary Dismissal Without Prejudice, filed March 28, 2008.

For the reasons set forth below, this Court denies Petitioner's Motion for Voluntary Dismissal Without Prejudice; grants Respondent's Motion for Summary Judgment; and dismisses Petitioner's Petition for a Writ of Habeas Corpus.

## PROCEDURAL HISTORY

On December 10, 2003, in the Superior Court of Caldwell County, Petitioner, after trial by jury, was convicted of first-degree arson and sentenced to 77-102 months imprisonment. Petitioner was represented by counsel and did not initially appeal. Ultimately Petitioner was granted permission to file a belated appeal which he did. On October 2, 2007, the North Carolina Court of Appeals issued an unpublished opinion finding no error and on December 6, 2007, the Supreme Court of North Carolina denied his certiorari petition. State v. Bryant, No. COA06-

1555, 2007 WL2827991 (2007), cert. denied, 362 N.C. 88 (2007)(unpublished).

On February 13, 2008, Petitioner filed the instant federal habeas petition. In his petition, Petitioner asserts that: (1) the trial court committed reversible error by denying his motion to dismiss at the end of all the evidence; and (2) the trial court committed reversible error by denying or refusing to instruct the jury on second-degree arson.

## ANALYSIS

### I. Standard of Review for Habeas Petitions

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court addressed it on the merits, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner

has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo.  Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree."  Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The standard of review is "quite deferential to the rulings of the state court."  Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002).  This deference extends to summary dismissals.  See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."  Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## II. Denial of Motion to Dismiss

In his first claim Petitioner alleges that the trial court committed reversible error by denying his motion to dismiss at the end of all the evidence. In support of his claim, Petitioner asserts that the victim testified that he had stepped outside of his home when he saw Petitioner set fire to his dwelling.[2]

Respondent argues, and this Court finds, that Petitioner's claim is procedurally barred. On appeal Petitioner's counsel initially designated four assignments of error. He ultimately winnowed out three of these claims and did not argue them in the text of his appellate brief. In its opinion, the North Carolina Court of Appeals, citing Rule of Appellate Procedure 28(b)(6), noted the abandonment of these assignment of errors. One of the claims abandoned by Petitioner on direct appeal is the present claim.

Because Petitioner abandoned this claim he has failed to exhaust it. In order to exhaust a claim a petitioner must have fairly presented the claim to the state courts. See Baker v. Corcoran,

---

[2] The Court notes that in his federal habeas petition, Petitioner fails to even state a federal habeas claim. That is, Petitioner frames his claim solely in terms of state law violations. As such, this claim is not cognizable on federal habeas review. However, out of an abundance of caution, this Court has addressed this claim.

4

220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001). To fairly present a claim a petitioner must give the State one full opportunity to correct alleged violations of its prisoners constitutional rights by invoking one complete round of a State's established appellate review process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). By abandoning his claim, it is axiomatic that Petitioner failed to provide the state courts with an opportunity to correct the present alleged violation.

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. § 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim. Cf. Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995) ("[I]f a defendant defaults by not following proper state appellate procedure, causing the state courts to rule against him solely on state-law procedural grounds, [the federal courts] have no power to review his defaulted issues because they are based solely on state procedural grounds rather than federal constitutional grounds").

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not

allege any cause[3] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

Moreover, the Court notes that even if this claim were not procedurally defaulted, such a claim does not warrant federal habeas relief. Alleged errors or deficiencies in state court indictments do not warrant federal habeas relief unless the error is so egregious as to render the entire state court proceeding unfair. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985). North Carolina law is clear that if any apartment in an apartment building is occupied, the occupancy requirement of first degree arson is satisfied. See State v. Wyatt, 48 N.C. App. 709, 712 (1980). The basis for Petitioner's claim rests on the Indictment's listing of James Johnson as the individual in the dwelling when the evidence at trial supports the conclusion that he was outside of the dwelling at the time of the fire. The evidence at trial strongly supports, and Petitioner does not contest, the conclusion that the apartment building was occupied at the time of the fire. Consequently, the error alleged by Petitioner did not render his entire trial proceeding unfair. And the alleged error in the Indictment amounted, at most, to a harmless error. See Brecht v. Abrahamson, 507 U.S. 619 (1993) (harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief).

## V. **Jury Instruction**

Petitioner also alleges that the trial court committed reversible error by denying or refusing to instruct the jury on second-degree arson.

---

[3] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise this claim constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

Petitioner's jury instruction claim is barred because he did not fairly raise this claim in federal constitutional terms in state court. That is, Petitioner only raised this claim in state law terms. See Duncan v. Henry, 513 U.S. 364 (1995)(petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court); Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994)("[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."). Petitioner did not cite to the United States Constitution or any other federal law when he raised this claim in the text of his direct appeal. Further supporting this conclusion is the fact that the appellate court did not address Petitioner's claim in federal law terms. Because Petitioner has never fairly presented his jury instruction claim in constitutional terms to the state courts, this claim is unexhausted.

The fact that Petitioner raised this claim in federal constitutional terms in his certiorari petition to the North Carolina Supreme Court was not sufficient to properly present this claim to the state courts for adjudication and would not avoid the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989)(raising a claim for the first time in a discretionary petition to a state appellate court, is insufficient to exhaust state remedies) and Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990)(certiorari petition under North Carolina procedure, like a certiorari petition to the United States Supreme Court, is a discretionary petition and its denial is not an adjudication of the merits of the claims but merely a refusal to hear the case), cert. denied, 498 U.S. 1032 (1991).

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding

habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

Moreover, even if it is somehow construed that Petitioner presented this claim in federal terms in state court, and therefore has not procedurally defaulted his claim, his claim still fails. The North Carolina Court of Appeals explicitly ruled on the claim he presented that a lesser included offense instruction should not have been given. Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A review of the record reveals that Petitioner cannot satisfy the stringent standard of review set forth in 28 U.S.C. § 2254(d). Petitioner cites to no, and this Court can find no,[4] clearly established Supreme Court precedent that the state court unreasonably applied. Because Petitioner cannot establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding his claim is dismissed.

---

[4] Indeed, in Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980), the Supreme Court expressly reserved this issue. See also Carney v. Fabian, 487 F.3d 1094 (8th Cir. 2007)(noting that Supreme Court has never held that due process requires the giving of lesser-included offense instructions in non-capital cases).

### IV. Motion for Voluntary Dismissal

Petitioner acknowledges in his Motion for Voluntary Dismissal that his claims are procedurally barred. Petitioner contends that he is asking for the dismissal so he can return to state court and exhaust his claims. Because Petitioner cannot cure his default of the two claims he raised in his federal habeas petition, this Court will deny his Motion for Voluntary Dismissal Without Prejudice.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Voluntary Dismissal is **DENIED**;

2. Respondent's Motion for Summary Judgment is **GRANTED**; and

3. Petitioner's federal habeas petition is **DISMISSED**.

Signed: April 15, 2008

Graham C. Mullen
United States District Judge